**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CAMILLE W. OUBRE                                        CIVIL ACTION

VERSUS                                                         NO. 2:22-1789

NGHANA LEWIS et al.                                    SECTION: "G"(5)

<u>**ORDER AND REASONS**</u>

This litigation arises out of the alleged termination of Plaintiff Camille W. Oubre ("Plaintiff") from her position as a juvenile probation officer assigned to Division "B" of the 40th Judicial District Court for St. John the Baptist Parish.[1] Plaintiff brings claims against Judge Nghana Lewis ("Lewis") in her individual capacity and against the St. John the Baptist Parish Council (the "Parish" (collectively, "Defendants") alleging violations of the Family and Medical Leave Act of 1993 (the "FMLA"),[2] Louisiana Worker Compensation Law ("LWCL"),[3] and the Louisiana Wage Payment Act (the "LWPA").[4] Before the Court is Lewis's "Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)," in which Lewis seeks to dismiss Plaintiff's claims against her, in her individual capacity, for workers' compensation retaliation under LWCL (the "LWCL Claim") and for unpaid wages and penalties under the LWPA (the "LWPA Claim").[5]

---

[1] Rec. Doc. 21 at 3.

[2] 29 U.S.C. § 2601, *et seq.*

[3] La. Rev. Stat. § 23:1020, *et seq.*

[4] La. Rev. Stat. § 23:631, *et seq.*; Rec. Doc. 21 at 9–14.

[5] Rec. Doc. 35 at 1.

1

Plaintiff opposes the motion.[6] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion because Lewis was not Plaintiff's employer under LWCL or the LWPA.

## I. Background

### A.    *Factual Background*

On June 16, 2022, Plaintiff filed a Complaint in this Court.[7] On November 4, 2022, Plaintiff filed an Amended Complaint.[8] In the Amended Complaint, Plaintiff alleges that she was hired by the Parish as a juvenile probation officer on September 18, 2017, to serve at the pleasure of a judge who retained her.[9] Plaintiff avers that, after Lewis's election to the vacant Division B seat on the 40th Judicial District Court, Plaintiff met with Lewis and an agreement was made that Plaintiff would be retained as the Juvenile Probation Officer assigned to Division B.[10] Plaintiff contends that, on October 27, 2021, Lewis contacted the Parish's "Human Resources Department concerning notice language about the availability of insurance if an employee is being separated" and that the Human Resources Department provided Lewis with the requested language.[11]

Plaintiff alleges that, on November 17, 2021, Plaintiff's medical provider recommended that she take medical leave until December 13, 2021.[12] Plaintiff's medical provider allegedly provided Plaintiff with a letter to this effect (the "Doctor's Letter") and, on November 18, 2021,

---

[6] Rec. Doc. 37.
[7] Rec. Doc. 1.

[8] Rec. Doc. 21.

[9] *Id.* at 3. However, Plaintiff alleges that the Parish pays her wages and benefits, issues her W-2 forms, provides her equipment, and maintains her personnel files. *Id.* at 3–4.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.* at 4–5.

2

Plaintiff allegedly presented this letter to Lewis.[13] Plaintiff contends that she also contacted the Parish's Human Resources Department that same day concerning her request for medical leave.[14] Plaintiff avers that the Human Resources Department identified the Doctor's Letter as a protected request for leave under the FMLA.[15]

Plaintiff alleges that, as the Parish assembled the necessary documentation for FMLA leave on November 18, 2021, Lewis asked Plaintiff to provide additional and supplemental information so that Lewis could review Plaintiff's request for leave.[16] In response to this request, Plaintiff alleges that she referred Lewis to the Doctor's Letter.[17] Plaintiff contends that Lewis then notified her of her termination in a letter for "failure to comply with request for information to review your request for leave from work for a period of three weeks" (the "Original Termination Letter").[18] Lewis allegedly sent a copy of the Original Termination Letter to the Director of Human Resources for the Parish.[19]

On November 22, 2021, Lewis allegedly sent Plaintiff an updated "Amended Notice of Separation" letter (the "Amended Termination Letter") in which Lewis changed the effective date of Plaintiff's termination to December 18, 2021, and changed the reason for Plaintiff's termination to "position eliminated due to nonexistent workload."[20] The Amended Termination Letter

---

[13] *Id.* at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 6.

[19] *Id.*

[20] *Id.*

allegedly contained recitations of various requirements concerning the possible applicability of the FMLA.[21] Plaintiff contends that Lewis also sent a copy of the Amended Termination Letter to the Parish Administration.[22]

On November 23, 2021, the Parish Administration allegedly determined that the Original Termination Letter was proper and filed documentation with the Louisiana Workforce Commission indicating that Plaintiff had been terminated on November 18, 2021, for "failure to comply with request of supervisor."[23] Plaintiff alleges that "Lewis disagreed with the determination [] by the Parish [that the Original Termination Letter controlled over the Amended Termination Letter] and insisted [Plaintiff] was a court employee under her sole supervision and control."[24] Thus, on November 24, 2021, Lewis filed a Petition for Mandamus seeking an order directing the Parish to adopt the Amended Termination Letter.[25]  On December 20, 2021, the Petition for a Writ of Mandamus was denied on the basis that the Original Termination Letter was legally proper and binding on the Parish.[26] Lewis's appeal of that decision is pending before the Louisiana Fifth Circuit Court of Appeal.[27]

---

[21] *Id.*

[22] *Id.* at 7.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 7–8.

[26] *Id.* at 8–9.

[27] *Id.* at 9.

### B.     Procedural Background

Plaintiff filed the Original Complaint on June 16, 2022, naming the Parish, Lewis, in her individual and official capacities, and the 40th Judicial District Court as Defendants.[28] Plaintiff voluntarily dismissed the 40th Judicial District Court with prejudice, and voluntarily dismissed Lewis, in her official capacity, without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).[29] On November 4, 2022, with leave of Court, Plaintiff filed an Amended Complaint against Defendants.[30] On January 23, 2023, Lewis filed the instant "Motion to Dismiss."[31] On January 31, 2023, Plaintiff filed an opposition to the motion.[32] On February 6, 2023, Lewis filed a reply in further support of the motion.[33]

## II. Parties' Arguments

### A.     Lewis's Arguments in Support of the Motion

In support of the instant motion, Lewis makes three arguments. First, Lewis argues that Plaintiff cannot state a claim under LWCL because Plaintiff does not adequately plead that Lewis was her employer.[34] Specifically, Lewis asserts that Plaintiff "admits that the Parish was responsible for paying Plaintiff's wages and benefits, making retirement contributions, issuing W-2 forms, providing necessary equipment . . . and maintaining all employee personnel and medical

---

[28] Rec. Doc. 1.

[29] Rec. Doc 11; Rec. Doc. 15. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

[30] Rec. Doc. 21.

[31] Rec. Doc. 35.

[32] Rec. Doc. 37.

[33] Rec. Doc. 41.

[34] *See* Rec. Doc. 35-1 at 5.

files."[35] Lewis further argues "Plaintiff's bald allegation in support of her legal conclusion that she was employed by [] Lewis rests on her statement that employees in the 40th JDC 'serve at the pleasure of the Judge'" and that Lewis wrote the termination letters.[36] Lewis asserts that other district courts have dismissed retaliation claims against supervisors under LWCL.[37] Thus, Lewis concludes that the Court should reach the same conclusion here.[38]

Second, Lewis argues that Plaintiff has not alleged sufficient facts to support that Plaintiff "engaged in a protected activity and asserted a claim for workers' compensation as required [to sustain a claim under LWCL]."[39] Lewis avers that "[t]he only factual allegation Plaintiff makes regarding workers' compensation is that she 'requested contact information for defendants' Worker [sic] Compensation Insurer.'"[40] Lewis asserts that "Plaintiff does not specify to whom she made the request, nor does she specify when the request was made" in alleging she made a claim for workers' compensation benefits.[41] Thus, Lewis concludes that the LWCL Claim should be dismissed.[42]

---

[35] *Id.*

[36] *Id.* (quoting Rec. Doc. 21 at 3).

[37] *Id*. at 5–7 (first citing *Bynog v. Aecom Gov't Servs., Inc.*, 07-1527, 2008 WL 205444, at *2 (W.D. La. Jan. 23, 2008); and then *Starkman v. Evans*, 18 F.Supp.2d 630, 631–635 (E.D. La. 1998)).

[38] *Id*. at 7.

[39] *Id.* at 4.

[40] *Id*. at 7 (citing Rec. Doc. 21 at 13).

[41] *Id*. at 7–8.

[42] *Id*. at 8.

Third, Lewis argues that Plaintiff fails to state the LWPA Claim.[43] Lewis avers that "Louisiana uses a five-prong test to determine whether a defendant is an employer under the LWPA."[44] Lewis asserts that these prongs are:

1. Whether there is a valid contract between the parties;
2. Whether the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it;
3. Whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and discretion of the principal, except as to the result of the services to be rendered;
4. Whether there is a specific price for the overall undertaking agreed upon; and
5. Whether the duration of the work is for a specific time and not subject to termination or discontinuance.[45]

Lewis contends that the Amended Complaint: (1) does not allege any contract between Lewis and Plaintiff; (2) does not allege that Lewis held any control over Plaintiff's duties as a Juvenile Probation Officer; (3) alleges that the Parish, not Lewis, provided equipment to Plaintiff; (4) alleges that the Parish, not Lewis, paid Plaintiff's wages and benefits; and (5) alleges Plaintiff was an "at-will employee."[46] Thus, Lewis concludes that Plaintiff cannot satisfy the five-prong test and the LWPA Claim must be dismissed.[47]

**B.**     ***Plaintiff's Arguments in Opposition to the Partial Motion to Dismiss***

In opposition to the motion, Plaintiff asserts three arguments. First, Plaintiff argues that the identity of Plaintiff's employer is an issue of fact to be decided by this Court following further

---

[43] *See id.* at 8.

[44] *Id.*

[45] *Id.* (quoting *Martin v. Spring Break 83 Prod., LLC*, 787 F.Supp.2d 719, 728 (E.D. La. June 24, 2011)).

[46] *Id.* (citations omitted).

[47] *Id.* at 9.

case development.[48] Plaintiff asserts that Lewis fired Plaintiff and the Parish has denied being Plaintiff's employer.[49] Plaintiff avers that Lewis saying she was Plaintiff's supervisor "is at odds with the stance taken by [] Lewis in the Mandamus proceeding."[50] Thus, Plaintiff concludes that "[t]here should be no further discussion on the issue at this stage of the proceedings."[51]

Second, Plaintiff argues that she should have the opportunity to amend the Complaint should this Court determine that Plaintiff has not alleged sufficient facts regarding the LWCL and LWPA Claims[52]. Plaintiff asserts that courts within the Fifth Circuit routinely deny motions to dismiss prior to granting leave to amend.[53]

Third, Plaintiff asserts that Lewis misstates the test for determining who qualifies as an employer under the LWPA.[54] Rather, Plaintiff argues that the Fifth Circuit's test for determining who is an employer is whether the alleged employer: "(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records."[55] Plaintiff argues that an application of these factors to the instant case indicates that Lewis possessed the power to hire and fire Plaintiff, and supervised and controlled Plaintiff's conditions of employment

---

[48] Rec. Doc. 37 at 2.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 2–3.

[52] *Id.* at 3.

[53] *Id.* at 3–4.

[54] *Id.* at 4.

[55] *Id.* at 4–5 (citing *Williams v. Henegan*, 595 F.3d 610, 620 (5th Cir. 2010)).

and work schedule.[56] Thus, Plaintiff concludes that "it is is premature to be ruling definitively on the single most crucial issue in the case at this stage of the proceedings."[57]

## C.   *Lewis's Reply Memorandum in Further Support of the Partial Motion to Dismiss*

In further support of the motion, Lewis makes three arguments. First, Lewis reasserts that she cannot be considered Plaintiff's employer in her individual capacity.[58]  Lewis avers that the Parish should be treated "as the real 'party in interest'" in regards to Plaintiff's claims under the LWPA and LWCL because the Parish is responsible for Plaintiff's wages and benefits.[59] Additionally, Lewis argues that Plaintiff's reference to the Mandamus Action is misplaced because Lewis was acting in her official capacity only during those proceedings.[60] Lewis alleges that all of the interactions between Lewis and Plaintiff occurred in Lewis's official capacity and so a suit against her in her individual capacity and the claims brought against her by Plaintiff under the LWPA and LWCL should be dismissed.[61]

Second, Lewis argues that Plaintiff cites a test for an employer applied by the Fifth Circuit to the Fair Labor Standards Act ("FLSA") that is inapplicable in the instant case because Louisiana jurisprudence makes clear that a separate five-part test is applied in addressing LWPA claims.[62]

---

[56] *Id.* at 5.

[57] *Id.*

[58] Rec. Doc. 41 at 1.

[59] *Id.* at 2.

[60] *Id.*

[61] *Id.* at 3.

[62] *Id.*

Lewis reasserts that Plaintiff has failed to allege that "Lewis took any actions in her individual capacity that could satisfy the five-part test of employment under the LWPA."[63]

Finally, Lewis urges the Court to not grant Plaintiff leave to amend because doing so would be futile.[64] Specifically, Lewis alleges that Plaintiff did not provide requisite notice to her employer under LWCL.[65] Lewis further alleges that, under the LWPA, even if she was an employer in her individual capacity, Plaintiff has still failed to demonstrate that she formally requested payment of any wages from Lewis individually.[66] Thus, Lewis concludes that the instant motion should be granted.[67]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[68] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[69] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[70] "Factual allegations must be enough to raise a right to relief above the

---

[63] *Id.*

[64] *Id.* at 4.

[65] *Id.*

[66] *Id.* at 4–5.

[67] *See id.* at 5.

[68] Fed. R. Civ. P. 12(b)(6).

[69] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[70] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

speculative level."[71] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[72]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[73] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[74] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[75] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[76] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[77] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[78] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[79] If factual allegations are insufficient to raise a right to relief above

---

[71] *Twombly*, 550 U.S. at 556.

[72] *Id.* at 570.

[73] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[74] *Iqbal*, 556 U.S. at 677–78.

[75] *Id.* at 679.

[76] *Id.* at 678.

[77] *Id.*

[78] *Id.*

[79] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[80]

## IV. Analysis

Lewis moves to dismiss the LWCL and LWPA Claims made against her in her individual capacity.[81] The Court evaluates Lewis's arguments regarding each claim in turn.

### A.      *Plaintiff's LWCL Claim*

Plaintiff asserts a claim under LWCL for workers' compensation retaliation in violation of Louisiana Revised Statute § 23:1361, alleging that Lewis terminated her employment after Plaintiff requested contact information for the Parish's workers' compensation insurer.[82] Lewis argues that Plaintiff cannot assert a claim against her, in her individual capacity, under LWCL because Lewis was not Plaintiff's employer.[83] Plaintiff argues that the identity of Plaintiff's employer is an issue of fact to be decided by this Court following further case development.[84]

Section 23:1361(B) states that "[n]o person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of [LWCL]."[85] "Section 23:1361(C) states that an employee discharged in violation of the statute shall be entitled to recover civil penalties 'from the employer or prospective employer who has violated the provisions of this Section.'"[86] In interpreting this statute, "Louisiana state courts . . . have

---

[80] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[81] *Id.*

[82] Rec. Doc. 21 at 12–13.

[83] Rec. Doc. 35-1 at 5.

[84] Rec. Doc. 37 at 2.

[85] La. Rev. Stat. § 22:1361(B).

[86] *Starkman v. Evans*, 18 F. Supp. 2d 630, 635 (E.D. La. 1998) (citing La. Rev. Stat. § 23:1361(C)).

determined that a claim under this section 'is one which can be brought solely and exclusively against the employer by an employee who has been unlawfully discharged.'"[87] Plaintiff cites no case law to the contrary.[88]

LWCL does not define the term "employer."[89] As the Louisiana Supreme Court has not addressed the definition of "employer" under LWCL, the Court "must make an '*Erie* guess' to determine what it would decide."[90] In making an *Erie* guess, the Court "defer[s] to intermediate state appellate court decisions, 'unless convinced by other persuasive data that the highest court of the state would decide otherwise.'"[91] In holding that Louisiana Employment Discrimination Law's ("LEDL") definition of "employer" applied to the Louisiana Whistleblower Statute, the Louisiana Fourth Circuit Court of Appeal stated in *Hanna v. Shell Exploration and Production, Inc.* that "[c]ourts have interpreted [LEDL]'s definition of 'employer' to apply in cases where employment status is at issue."[92] The Louisiana First and Second Circuit Courts of Appeal have also extended LEDL's definition of "employer" to other "cases where employment status is at issue."[93] LEDL "precisely defined" the term "employer" "to require receipt of services by the employee in exchange for compensation to him."[94] Accordingly, "there is no individual liability under

---

[87] *Id.* at 635 (quoting *Robin v. Galan*, 89-75 (La. App. 5 Cir. 6/7/89); 545 So. 2d 1129, 1132).

[88] *See* Rec. Doc. 37 at 2–3.

[89] *See* La. Rev. Stat. § 1021.

[90] *Sanders v. Christwood,* 970 F.3d 558, 563 (5th Cir. 2020).

[91] *Id.* at 563–564 (quoting *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008)).

[92] *Hanna v. Shell Expl. and Prod., Inc.*, 2017-0293 (La. App. 4 Cir. 12/6/17), 24 So. 3d 179, 189 (quoting *Ray v. City of Bossier City*, 37,708 (La. App. 2 Cir. 10/24/03), 859 So. 2d 264, 272).

[93] *See Rider v. Ambeau,* No. 2007-0681 (La. App. 1 Cir. 12/21/07); 2007 WL 4465644 (unpublished); *Ray,* 859 So. 2d at 272.

[94] *Id*. (citing La. Rev. Stat. § 23:302(2)).

[LEDL]."[95] Therefore, Plaintiff cannot state an individual capacity claim against Lewis under LWCL if LEDL's definition of "employer" applies to LWCL.

Further, the limited case law considering the definition of "employer" under LWCL has found that there is no individual liability under the statute. For instance, in *Robin v Galan*, the Louisiana Fifth Circuit Court of Appeal reversed the trial court's dismissal of a deputy clerk's LWCL claim against the parish clerk of court in his official capacity after considering the distinction between suing a defendant in an official versus individual capacity.[96] After noting that the cause of action "can be brought solely and exclusively against the employer by an employee who has been unlawfully discharged," the state court noted liability falls on an employer in his official but not individual capacity.[97]

In *Starkman v. Evans*, another judge in the Eastern District of Louisiana dismissed the plaintiff's LWCL claim against the reverend of the church that employed her as its director of music, holding that the reverend did "not fit the definition of an employer under LWCL."[98] The court reasoned that "*Robin* is clear that the plaintiff cannot assert a state law retaliatory discharge claim against [the reverend] in his individual capacity."[99] Therefore, considering the frequent application of LEDL's definition of "employer" to other cases where employment status is at issue, the lack of individual liability for employers under LEDL, and the case law suggesting that an employer cannot be individually liable under LWCL, the Court finds that Lewis is not an employer

---

[95] *Harris v. H20 Spa and Salon*, No. 07-1618, 2007 WL 2571937, at *3 (E.D. La. Aug. 31, 2007) (citing cases decided by both federal and state courts).

[96] *Robin* 545 So. 2d at 1132–33.
[97] *Id.* at 1133.

[98] *Starkman v. Evans*, 18 F. Supp. 2d 630, 635 (E.D. La. 1998).

[99] *Id*.

14

under LWCL. Accordingly, the LWCL Claim must be dismissed because Plaintiff cannot sue Lewis in her individual capacity under LWCL.[100]

## B.    *Plaintiff's LWPA Claim*

Lewis moves to dismiss the LWPA Claim against her, in her individual capacity, for unpaid wages and argues that Plaintiff has failed to state a claim under the LWPA because Lewis was not Plaintiff's employer.[101] To state a claim for unpaid wages under the LWPA, a plaintiff must allege that the defendant was her employer.[102] Louisiana courts employ a five-prong test in determining whether an employee-employer relationship exists for purposes of the LWPA:

(1) [W]hether there is a valid contract between the parties;
(2) Whether the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it;
(3) Whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
(4) Whether there is a specific price for the overall undertaking agreed upon; and
(5) Whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.[103]

While Plaintiff urges the Court to disregard this established test and instead embrace the Fifth Circuit test utilized in FLSA claims, this argument is not persuasive. A cause of action under the LWPA is distinct from a cause of action under the FLSA and Plaintiff fails to cite, nor is the

---

[100] Because the Court finds that Lewis is not an employer under LWCL, it does not reach the issue of whether Plaintiff sufficiently alleged that she filed a workers' compensation claim to assert a claim under LWCL.

[101] Rec. Doc. 35-1 at 1.

[102] *Carver v. Cap. Area Transit Sys.*, No. 21-281, 2022 WL 1123786, at *5 (M.D. La. Apr. 14, 2022) (citing *Dillon v. Toys R Us-Delaware Corp.*, No. 2016-0983 (La. App. 4 Cir. 5/31/17), 221 So.3d 876, 878).

[103] *Martin v. Spring Break 83 Prod. LLC*, 797 F. Supp. 2d 719, 728 (citing *Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 686 (E.D. La. 2010); *Gordon v. Hurlston*, 854 So. 2d 469, 472 (La. App. 3 Cir. 2003)).

15

Court aware of any instance where the FLSA test for an employer has been applied to a claim brought under the LWPA. Furthermore, in *Martin v. Spring Break '83 Productions, LLC*, another judge in the Eastern District of Louisiana applied each of these tests separately to the plaintiff's claims under the FLSA and the LWPA.[104] Thus, the Court applies the five-prong test referenced above to determine whether Plaintiff has alleged any facts to show that Lewis was Plaintiff's employer for purposes of the LWPA.

Looking to the first prong—whether there was a valid contract between the parties—Plaintiff alleges no facts to suggest that there was a valid employment contract between herself and Lewis in her individual capacity.[105] Considering the second and third prongs—the independent nature of Plaintiff's work and the control exercised by Lewis—Plaintiff does not allege that Lewis, in her individual capacity, so closely directed and controlled her duties as a juvenile probation officer, but rather only alleges that she was assigned to Lewis's division.[106] Looking to the fourth prong—whether there was a specific price for the overall undertaking agreed upon—Plaintiff does not allege that Lewis, in her individual capacity, was responsible for the payment of Plaintiff's wages and benefits.[107] This responsibility instead was maintained solely by the Parish.[108] Considering the fifth and final prong—whether the duration of the work is for a specific time—Plaintiff does not allege that she came to an agreement with Lewis, in her individual capacity, regarding the duration of her assignment in Division B. Further, her employment with the Parish

---

[104] *See Martin*, 797 F. Supp. 2d at 728.

[105] Rec. Doc. 21 at 4.

[106] *Id.* at 3–4.

[107] *Id.* at 3.

[108] *Id*. at 3.

as a juvenile probation officer was "at will."[109] Accordingly, the Court finds that all five factors weigh in favor of finding that Plaintiff and Lewis did not have an employer-employee relationship for purposes of the LWPA. Thus, the LWPA Claim must be dismissed as a matter of law.

### V. Conclusion

The Court dismisses Plaintiff's LWCL and LWPA Claims against Lewis, in her individual capacity, because Lewis was not Plaintiff's employer under either statute as a matter of law. Further, granting Plaintiff an opportunity to amend the Complaint would be futile because Plaintiff's claims, if made against Lewis in her official capacity, would be barred by Eleventh Amendment sovereign immunity. [110]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nghana Lewis's "Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)"[111] is **GRANTED**.

**IT IS FURTHER ORDERED** that the LWCL Claim and the LWPA Claim are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 15th day of March, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[109] *Id.*

[110] "A suit against a Louisiana state court judge in his or her official capacity is a suit against a state official and barred by the Eleventh Amendment" to the extent that Plaintiff seeks damages. *Price v. Irons*, No. 19-11451, 2020 WL 1638376, at *3, 5–6 (E.D. La. Apr. 2, 2020), *aff'd*, 832 F. App'x 904 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 161 (2021).

[111] Rec. Doc. 35.